UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR MORENO,

　　　　　　　　Petitioner,

vs.　　　　　　　　　　　　　　　Case No.　2:09-cv-336-FtM-29DNF

SECRETARY, DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

　　　　　　　　Respondents.
_____


**<u>OPINION AND ORDER</u>**


　　　Petitioner Oscar Moreno[1] initiated this action by filing a
Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on
May 19, 2009[2] challenging his state court judgment of conviction
for lewd and lascivious molestation in violation of Florida Statute
§ 800.04(5)(c)(2) entered after a jury trial in the Twentieth

---

　　　[1]Petitioner will be referred to as "Petitioner," "Moreno," or
"Defendant."

　　　[2]The Petition (Doc. #1) was filed in this Court on May 26,
2009, but the Court deems a petition "filed" by an inmate when it
is delivered to prison authorities for mailing. <u>Washington v.
United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent
evidence to the contrary, the date of filing is assumed to be the
date the inmate signed the document. <u>Id.</u> If applicable, the Court
also gives a petitioner the benefit of the state's mailbox rule
with respect to his state court filings when calculating the one-
year limitations period under 28 U.S.C. § 2244(d). Under Florida's
inmate "mailbox rule," Florida courts "will presume that a legal
document submitted by an inmate is timely filed if it contains a
certificate of service showing that the pleading was placed in the
hands of prison or jail officials for mailing on a particular date,
if . . . the pleading would be timely filed if it had been received
and file-stamped by the Court on that particular date." <u>Thompson
v. State</u>, 761 So. 2d 324, 326 (Fla. 2000).

Judicial Circuit in Lee County Florida (case number 02-2500).[3]
Petition at 1; Response at 1. The court sentenced Petitioner as a
violent felony offender to thirty years in custody. Exh. 18, Vol.
3. The Petition sets forth the following grounds for relief:

### Ground 1

Trial counsel was ineffective for failing to interview
and call two physicians to testify to the validity of the
victim's statements.

### Ground 2

Trial counsel was ineffective for not submitting a
videotape from the expert witnesses who had evaluated the
victim.

### Ground 3

Trial counsel was ineffective for failing to object to
and/or properly question during *voir dire*, venire person
Dawn Reynoso, after she informed the Court of her ties to
law enforcement.

### Ground 4

Trial court erred in denying Petitioner's motion to
suppress his statements to Officer Gerstner.

See generally Petition. Respondent filed a Response (Doc. #13,
Response) in opposition to the Petition and filed exhibits (Doc.
#22, Exhs. 1-18) consisting of the trial court and post-conviction

---

[3]On or about May 12, 2002 in Lee County Florida, being 18 years
of age or older did intentionally touch in a lewd or lascivious
manner the breasts, genitals, genital area, or buttocks, or the
clothing covering them of a person A.L. 12 years of age or older
but less than 16 years or forced or enticed a person A.L. 12 years
of age or older but less than 16 years to so touch the perpetrator,
contrary to Florida Statute § 800.04(5)(c)(2). Exh. 18, Vol. I at
5. The jury found Petitioner guilty as charged. Exh. 18, Vol. III
at 94.

records.  Petitioner filed a Reply (Doc. #17, Reply), addressing the Response to Ground One and Four only.  This matter is ripe for review.

## II.  Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted).  AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  The following legal principles apply to this case.

### A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Pulley v. Harris, 465 U.S. 37, 41

(1984)(stating "[a] federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(stating "[t]oday, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Waddington v. Sarausad, 555 U.S. 179, 129 S. Ct. 823, 832 n.5 (2009)(same); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)(stating that § 2254 was not enacted to enforce state-created rights); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)(finding claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved).

**B.  Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to

properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." <u>Smith</u>, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First,

a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008). Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. <u>House</u>, 547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

## C. **Deference to State Court Decision**

A federal court must afford a high level of deference to the state court's decision. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See</u> <u>Berghuis v. Thompkins</u>, 130 S. Ct. 2250, 2259 (2010). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Blankenship v. Hall</u>, 542 F.3d 1253, 1271

(11th Cir. 2008); <u>Ferguson</u>, 527 F.3d at 1146; <u>Wright v. Sec'y Dep't of Corr.</u>, 278 F.3d 1245, 1253-54 (11th Cir. 2002). When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last reasoned decision. <u>Powell v. Allen</u>, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. <u>Carey v. Musladin</u>, 549 U.S. 70, 74 (2006)(citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly

identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)(citations omitted). Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption. Wood v. Allen,

130 S. Ct. 841, 848 (2010). In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001)(citation omitted).

## D.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayanze, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009)(citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)). The Court need not address both components of the Strickland analysis, if the petitioner makes an insufficient showing on one. Cox v. McNeil, 638 F.3d 1356, 1362 (11th Cir. 2011)(citing Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). In demonstrating counsel's deficiency, it is the petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom., Jones v. Allen, 549 U.S. 1030 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at

690), applying a "highly deferential" level of judicial scrutiny. <u>Id.</u> A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir.), <u>cert. denied sub nom.</u>, <u>Ladd v. Burton</u>, 493 U.S. 842 (1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)). In finding prejudice, the court must determine that the result of the proceedings would have been different considering "the totality of the evidence before the judge or jury." <u>Berghuis</u>, 130 S. Ct. at 2265 (quoting <u>Strickland</u>, 466 U.S. at 695).

### III. Analysis

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence

that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 550 U.S. at 474; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

## A.  Exhaustion and Procedural Default

Respondent does not address whether Petitioner exhausted Grounds Two, Three, and Four by raising the issue in federal terms before the State courts, and appealing the adverse results thereof. <u>See</u> <u>generally</u> Response.  Further, Respondent does not address whether Petitioner's claims set forth in Grounds Two, Three, and Four are procedurally defaulted.  Based on a review of the record in this case, the Court declines to address exhaustion and procedural default, *sua sponte*, and will address the merits of these claims.  <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-36 (1987)(noting court is not required to dismiss habeas petition for non-exhaustion notwithstanding State's failure to raise the issue, but should decide whether interests of comity and federalism will be better served by addressing the merits); <u>see</u> <u>also</u> § 2254(b)(2)(stating court may deny habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the State courts).

**B. Ground One**

Petitioner faults trial counsel for not calling two witnesses, Mrs. Kelly Burgess and Dr. Christine Hodge, who Petitioner identifies as "the two physicians" who examined the victim to determine if she had been sexually abused. Petition at 6. Petitioner argues that his defense counsel should have called these witnesses to testify about what "the victim conveyed to them." Id. at 7. Petitioner also suggests that these two witnesses could have testified that the victim's vagina showed no evidence of penetration. Id. at 7-8.

In Response, Respondent points out that, to the extent Petitioner raises additional facts and arguments in the instant Petition that were not raised in his Rule 3.850 Motion, these claims are unexhausted. Response at 11. Referring to the post-conviction court's order of denial, Respondent submits that the State court reasonably concluded that Petitioner failed to satisfy either element of the Strickland test.

Petitioner raised this ground in his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion") as his second ground for relief. See Exh. 5 at 8; Exh. 9 at 3-5. After the State filed a brief in response, Exh. 7, the post-conviction court entered an order summarily dismissing the claim as facially insufficient because

Petitioner failed to satisfy the <u>Nelson</u>[4] elements.  Exh. 8 at 3.

Petitioner then filed a motion to file an amended rule 3.850 motion

to add a <u>Nelson</u> requirement, specifically stating that the

witnesses were available to testify at trial.  Exh. 9 at 5.  The

post-conviction court denied Petitioner's motion to amend finding

that the proposed additions still resulted in a facially

insufficient claim:

> Defendant does not set forth in his motion the expected
> testimony of the physician or the CPT member, and thus,
> fails to show how the Defendant was prejudiced by the
> omission of their testimony.  Defendant argues that at
> trial "there was no medical evidence of penetration or
> any other competent corroborative evidence of
> penetration[,]" and seems to be suggesting in a
> conclusory manner that the testimony of the physician and
> CPT team member would have benefitted his case.  In
> reality, Defendant seems to be using his 3.850 Motion to
> improperly raise a claim of sufficiency of the evidence
> under the guise of ineffective assistance of counsel. .
> . . Defendant fails to assert any facts that show counsel
> was deficient for not calling the two witnesses and
> Defendant fails to assert any facts that show that there
> is a reasonably probability that the outcome of his trial
> would have been different had counsel called the
> witnesses.

Exh. 10 at 1-2.  Petitioner appealed and the appellate court

<u>per curiam</u> affirmed the post-conviction court's order.  Exhs. 12-

---

[4]Under <u>Nelson v. State</u>, 875 So. 2d. 579 (Fla. 2004), the post-conviction court noted that to have a successful claim of ineffective assistance of counsel for failing to call a witness, a defendant must identify the prospective witnesses, describe the substance of the witness' testimony, state that the witness is available to testify, and describe the prejudice resulting from omitting the witness' testimony.

13; Exh. 14, <u>Moreno v. State</u>, 996 So. 2d 862 (Fla. 2d DCA 2009)[table].

At the outset, the Court finds that the ineffective assistance of counsel claim Petitioner raises *sub judice* and the claim raised before the post-conviction court in ground two are identical. <u>See</u> Petition at 6-8; Exh. 5 at 7-9. Contrary to Respondent's position that the claim is unexhausted, Petitioner does not raise any additional facts or claims in Ground One of the Petition. However, to the extent Petitioner wishes to raise a sufficiency of the evidence claim, the claim is indeed unexhausted and procedurally defaulted. <u>Spencer v. Sec'y Dep't of Corr.</u>, 609 F.3d 1170, 1178 (11th Cir. 2010)(stating "[i]t is now abundantly clear that [a federal habeas court] cannot consider a claim where the last state court rendering a judgment in the case clearly and expressly stated that its judgment rests on a state procedural rule." (internal quotations and citations omitted)). As noted by the post-conviction court, "[i]nsufficiency of evidence cannot be raised in a motion for post-conviction relief." Exh. 10 at 2 (citing <u>Jackson v. State</u>, 640 So. 2d 1173 (Fla. 2d DCA 1994)). Thus, the Court addresses Ground One only to the extent Petitioner raises an ineffective assistance of counsel claim.

The record shows that the State court's decision was not contrary to or an unreasonable application of <u>Strickland</u>; and, was not an unreasonable determination of the facts based on the

evidence presented. The State court correctly cited to Strickland and reasonably found Petitioner had not established any prejudice. The post-conviction court noted that Petitioner failed to state an ineffective assistance of counsel claim stemming from the failure to call these two witnesses because Petitioner did not specify how the testimony from these two witnesses would have benefitted his case and how he was prejudiced by not having this testimony. Petitioner seems to suggest that these witnesses could have testified as to whether the medical examination produced evidence of penetration. Petitioner's argument is flawed, however, because the issue in this case was whether the Petitioner touched the victim's private parts, and/or whether he encouraged the victim to touch his private parts, not whether he penetrated the victim. Evidence introduced during trial consisted of Petitioner's statement to authorities acknowledging that the victim was in bed with him, that he put his arm around her body at chest level, that she touched him, and he later acknowledged that he touched her. See Exh. 7 at 20-23, 106, 154-160. The victim also testified that Petitioner touched her vagina. Exh. 18, Vol. VII at 30-33. Thus, Petitioner's hurdle to show prejudice is insurmountable because he cannot show that, but for his counsel's failure to call these witnesses, the outcome of the trial would have been different.

Further, a review of the record reveals that defense counsel's decision not to call the CPT worker, Kelly Burgess, and a physician, Dr. Christine Hodge, as witnesses was part of his trial strategy. By not calling these witnesses, defense counsel was able to play on the "absence of evidence" during both his opening and closing statements. <u>See</u> Exh. 7 at 15-16, 124-25, 127-139. Petitioner has not overcome the presumption that defense counsel's actions were not sound trial strategy. <u>Harvey v. Warden, Union Corr. Institution</u>, 629 F.3d 1228, 1238 (11th Cir. 2011). Accordingly, Petitioner is denied relief on Ground One.

## C. Ground Two

Petitioner argues that defense counsel rendered ineffective assistance by not following his request that counsel submit into evidence the videotape recording of the victim's interview with Child Protective Services ("CPT"). Petition at 11. Petitioner argues that had the videotape been introduced, the jury would have seen the CPT officials "coaching" the victim about the incident that occurred two months before it was reported. <u>Id.</u> at 11-12.

In Response, Respondent argues that the State court's decision was a reasonable application of <u>Strickland</u> because Petitioner's allegations were general and conclusory, and failed to show prejudice. Response at 14. In particular, Respondent argues that Petitioner failed to specify how the victim was allegedly "coached," nor does he explain how the coaching prejudiced him.

<u>Id.</u> Petitioner did not address Respondent's arguments in his Reply. <u>See</u> <u>generally</u> Reply.

Petitioner raised this claim in his Rule 3.850 Motion as his fourth claim for relief. Exh. 5 at 11-13. After directing a response from the State, Exh. 6, the post-conviction court summarily denied Petitioner relief on this claim:

> The allegation asserted by the Defendant is conclusory in nature. The record reflects that the Defendant admitted during his sworn statement that sexual acts occurred. (Sworn Statement, pp. 5-15). The Defendant does not assert any facts that would support his assertion that the victim was "coached," that the videotape would have been admissible, or that the outcome of his jury trial would have been different if the tape would have been introduced into evidence. Furthermore, the record reflects that the victim did testify at trial about sexual acts committed by the Defendant. Attached hereto is a copy of the relevant portion of the transcript of the victim's testimony at trial. "The Defendant bears the burden of establishing a *prima facie* case based upon a legally valid claim. Mere conclusory allegations are not sufficient to meet this burden." <u>Freeman v. State</u>, 761 So. 2d 1055, 1061 (Fla. 2000).

Exh. 7 at 4-5.

The record shows that the State court's decision was not contrary to or an unreasonable application of <u>Strickland</u>; and, was not an unreasonable determination of the facts based on the evidence presented. The court correctly cited to <u>Strickland</u> and found Petitioner had not shown prejudice. The post-conviction court's factual findings were reasonable based on the facts presented. In particular, Petitioner's allegations that the CPT interview tape would reveal that the victim had been "coached" were

conclusory in nature. Moreover, the victim testified at trial. See generally Exh. 18, Vol. VII. Therefore, Petitioner could not show prejudice by counsel's failure to introduce the CPT videotape. The Court need not address the deficient performance element of Strickland after finding Petitioner has not established the prejudice element. Roberts v. Comm'r, Ala. Dep't of Corr., 677 F.3d 1086, 2012 WL 1325604, * 5 (11th Cir. Apr. 18, 2012). Accordingly, Petitioner is denied relief on Ground Two.

## D. Ground Three

Petitioner states that he was denied his right to a fair and impartial jury. Petition at 13. Specifically, Petitioner submits that trial counsel rendered ineffective assistance for failing to object to and/or properly question during *voir dire*, venire person Dawn Reynoso, after she informed the court of her ties to law enforcement, specifically that she worked as a Felony Process Clerk for the court. Id. at 13-14.

In Response, Respondent agrees that juror Reynoso told the court that she was employed as a felony process clerk in the circuit where Petitioner's trial was held, and acknowledges that neither the prosecution nor defense made any further inquiries of the juror. Response at 15 (citing Exh. 18, Vol. VII at 29). Respondent, however, points out that Ms. Reynoso voluntarily told the court that she had only been in the position for about a year and had no prior background "in any kind of legal anything." Id.

(citing Exh. 18, Vol. VII at 78).  Respondent submits that both the prosecution, and the defense, after consulting with Petitioner on two separate occasions, accepted Ms. Reynoso on the panel.  Id. at 15-16.

Based on the foregoing, Respondent first argues that Petitioner waived any future complaint about the jurors because he accepted the jury panel.  Id. at 17.  Second, Respondent argues that Petitioner cannot show deficient performance, or that he was prejudiced by his counsel's actions because there is nothing but speculation to support his allegation that, if counsel had questioned Ms. Reynoso, she would have expressed bias due to her employment at the court.  Id. (citing Reaves v. State, 826 So. 2d 932, 939 (Fla. 2002)(holding that when the record does not show a reasonable basis to assert a for-cause challenge, a claim by the defendant that more information would have been forthcoming had counsel properly followed up with further questioning is mere conjecture and thus is not a legally sufficient claim for post-conviction relief); Solorzano v. State, 25 So. 3d 19, 23 (Fla. 2d DCA 2009)(A claim that counsel was ineffective for failing to "follow up" on questioning to establish grounds for a for-cause challenge has been held to be legally insufficient because such a claim can be based on nothing more than conjecture by the defendant).  Finally, Respondent argues in order for Petitioner to satisfy the Strickland standard in this Court, he must show that

the juror was actually biased against him; id. at 18 (citing Smith
v. Phillips, 455 U.S. 209, 215 (1981); and, here Petitioner has
failed to do so.   Petitioner did not address the Respondent's
arguments in opposition to this ground in his Reply.  See generally
Reply.

Petitioner raised this claim in his Rule 3.850 Motion as his
first ground for relief.  Exh. 5 at 3.  After directing briefing
from the State, Exh. 6, the post-conviction court denied the claim
for lack of merit.  Exh. 8 at 2.  In pertinent part, the post-
conviction court found as follows:

> As provided in the transcript of the *voir dire* held
> July 6, 2005, Defendant was consulted on two occasions
> about whether he was satisfied with the prospective jury
> panel.   Attached hereto is a copy of the related pages
> of the transcript from the *voir dire* proceedings.  First,
> the Court allowed trial counsel the opportunity to confer
> with Defendant about the prospective panel.    After
> conferring with his client, trial counsel stated, "After
> conferring with Mr. Moreno, we're fine with that jury of
> six." (Voire Dire Transcript, p. 81).   Second, at the
> conclusion of *voir dire*, the Court specifically asked
> Defendant if he was satisfied with the jury. As provided
> by the transcript:
>
> The Court: We'll make her the alternate; that's
> fine. You've gone over it with your lawyer and your
> satisfied with this jury, is that right, sir?
>
> The Defendant: Yeah.  (Transcript, p. 82).
>
> Consequently, Defendant's Ground One claim is
> without merit, because Defendant stated that he was
> satisfied with the prospective jury, and Defendant fails
> to assert facts that, if true, would demonstrate that
> further questioning of the potential juror would have
> changed the outcome. Accordingly, Defendant's Ground One
> claim is denied.

Exh. 8 at 2-3.

The record shows that the State court's decision was not contrary to or an unreasonable application of federal law; and, was not an unreasonable determination of the facts based on the evidence presented. The post-conviction court correctly cited to Strickland and found Petitioner neither showed deficient performance nor prejudice. The post-conviction court reasonably found Petitioner could not establish deficient performance because Petitioner was actively engaged in jury selection, had consultations with defense counsel regarding the jury, and agreed to the venire panel. The post-conviction court also found that Petitioner did not establish prejudice because he could not show that the outcome of his trial would have been any different had counsel questioned juror Reynoso. The constitutional standard of fairness requires that a defendant have a panel of impartial, indifferent jurors. Irvin v. Dowd, 366 U.S. 717, 722 (1961). However, in order for a petitioner to show that he was prejudiced by a juror, a petitioner must demonstrate that the juror was actually biased against him. Smith v. Phillips, 455 U.S. 209, 215 (1981). Although Petitioner argues defense counsel was ineffective for not asking additional questions of juror Reynoso during *voir dire*, he fails to allege or present any facts to support his argument that counsel should have asked Reynoso additional questions based on Reynoso's statements, and further failed to

present any facts in support of a finding that he was prejudiced by juror Reynoso being selected as a juror. Instead, the Court has no reason to find the post-conviction court's decision was unreasonable. See generally Exh. 7 (excerpts of *voir dire*). Accordingly, the Court denies Petitioner relief on Ground Three.

**E. Ground Four**

Petitioner submits that the trial court erred by denying his motion to suppress his statements made to law enforcement because the interrogation continued after he asked for an attorney. Petition at 21-22. Petitioner argues that law enforcement had not received a valid waiver of Petitioner's <u>Miranda</u> rights. <u>Id.</u> at 22.

In Response, Respondent points out that the trial court denied Petitioner's motion, after a full and fair evidentiary hearing, finding Petitioner never made an unambiguous statement that he desired to remain silent or have counsel present during questioning. Response at 19. Respondent refers to the facts of record that the trial court relied upon in denying Petitioner's motion to suppress. <u>Id.</u> at 19-21 (citing Exh. 18, Vol. II). In Reply, Petitioner contends that the trial court did not make a specific finding that Petitioner "knowingly, intelligently and voluntarily waived his <u>Miranda</u> rights before determining that the Petitioner had made an ambiguous request for counsel." Reply at 6.

At the outset, Petitioner raised this claim in a pre-trial motion to suppress, the trial court denied the motion, and the

adverse result was raised on direct appeal.  Exh. 7 (motion to suppress);  Exh. 18, Vol. II at 64-66 (circuit court order denying motion); Exhs. 1-2 (direct appeal and response brief).  The appellate court *per curiam* affirmed the circuit court's order denying the motion to suppress.  Exh. 3.  Thus, the Court will turn to address the merits of Ground Four.

In Davis v. United States, 512 U.S. 452 (1994), the Supreme Court ruled that a suspect must unambiguously assert the right to counsel in order to stop interrogation until counsel is available. Invocation of the Miranda right to counsel "requires, at a minimum, some statement that it can be reasonably construed to be an expression of a desire for the assistance of an attorney."  McNeil v. Wisconsin, 501 U.S. 177, 178 (1991).  The Court opined in Davis that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning."  512 U.S. at 459 (emphasis in original). In Davis, the Court declined to adopt a rule requiring officers to ask clarifying questions where the suspect's statements are ambiguous or equivocal; however, the Court stated, "when a suspect makes an ambiguous or equivocal statement it will often be good police practice for the interviewing officers to clarify whether or not he actually wants an attorney."  Id. at 461.  The Supreme Court

re-affirmed these standards in <u>Berghuis v. Thompkins</u>, 557 U.S.
____, 130 S. Ct. 2250, 2259-60 (2010).

The record shows that the State court's decision was not
contrary to or an unreasonable application of federal law; and,
was not an unreasonable determination of the facts based on the
evidence presented. Contrary to Petitioner's contentions in his
Reply that the trial court failed to find he knowingly,
intelligently, and voluntarily waived his <u>Miranda</u> rights, the issue
raised in Petitioner's motion to suppress involved whether he
invoked his right to counsel, after being advised of his <u>Miranda</u>
rights. The record conclusively shows that the officer read
Petitioner his <u>Miranda</u> rights before the interrogation began.
Indeed, defense counsel conceded that Petitioner was read his
<u>Miranda</u> rights. <u>See</u> Exh. 7 (motion to suppress); Exh. 18, Vol. II
at 65. Thus, the post-conviction court's finding that the officer
read Petitioner his <u>Miranda</u> rights was reasonable. Additionally,
the post-conviction court correctly cited to <u>Davis</u>, 512 U.S. at
542, the applicable federal precedent, and found that Petitioner
was in custody when he made only an ambiguous statement, at best,
in reference to wanting counsel present. The court further found
that Petitioner then "cleared up" his statement and consented to
continuing the interrogation. Exh. 18, Vol. II at 64-66; <u>see also</u>
Exh. 7 at 13-15 (transcript of interrogation). The record directly
refutes Petitioner's contentions that his request for assistance of

counsel was "patently apparent." Exh. 7 at 14. The record reveals that in response to the officer's question whether Petitioner wanted counsel present, Petitioner initially said "that would be good." Id. In response to Petitioner's statement "that would be good," the officer stated that he would stop the interrogation. Id. Petitioner, however, immediately responded that the officer could continue with his questioning because his responses would be the same to the questions whether or not counsel was present. Id. at 14-15. In response to this statement, the officer sought clarification and again asked Petitioner whether he wanted counsel present. Petitioner specifically told the officer he could go ahead with questioning without an attorney present. Id. Petitioner then signed a Miranda waiver form. Id. at 15; Exh. 18, Vol. II at 68 (signed waiver form). Accordingly, the Court denies Petitioner relief on Ground Four.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus is **DENIED.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas

has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___18th___ day of June, 2012.

_John E. Steele_
**JOHN E. STEELE**
**United States District Judge**

SA: alj
Copies: All Parties of Record